# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | Mar 25, 2008 |
|---|---|---|---|
| CASE NUMBER | 07 C 6797 | DATE | MAR 25 2008 |
| CASE TITLE | Odell Starling (#2007-0059948) vs. Sheriff of Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

The clerk is directed to: (1) terminate the Sheriff of Cook County as a defendant pursuant 28 U.S.C. § 1915(e)(2)(B); (2) add Officer Daniel, Officer Johnson, and Sergeant Aldullah as defendants; (3) issue summonses for service of the second amended complaint on the defendants; and (4) send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that the defendants refused to evacuate him when a fire broke out on his tier, causing him to sustain lingering physical and emotional injuries. The plaintiff has submitted a second amended complaint naming the proper defendants as directed. *See* Minute Order of February 22, 2008.

    Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the second complaint states a colorable cause of action under the Civil Rights Act. While a more fully developed record may belie the plaintiff's claims, defendants Daniel, Johnson, and Aldullah must respond to the allegations in the second amended complaint.

    However, the second amended complaint is dismissed as to the Cook County Sheriff on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B). As stated in previous orders, the sheriff is not a proper defendant in the absence of any direct, personal involvement in the alleged violation of the plaintiff's constitutional rights. *See, e.g., Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). "[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430

**(CONTINUED)**

mjm

**STATEMENT (continued)**

F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Accordingly, Sheriff Dart is dismissed as a defendant.

The clerk shall issue summonses for service of the second amended complaint on defendants Daniel, Johnson, and Aldullah. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

As a final concern, the court notes that the plaintiff made a material misstatement in the complaint he submitted. The court's civil rights complaint form instructed the plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." Second Amended Complaint at p. 3 (emphasis in original). The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS . . . REGARDLESS OF HOW MANY CASE YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." *Id.* (emphasis in original).

Despite the court's admonition, the plaintiff wrote "NONE," failing to mention at least three previous federal cases he has filed, including two in which "strikes" were assessed against him. *See Starling v. Devine*, Case No. 02 C 6870 (N.D. Ill.), dismissed by Minute Order of October 31, 2002 (Andersen, J.); *Starling v. Cook County*, Case No. 05 C 5402 (N.D. Ill.), dismissed by Minute Order of September 27, 2005 (Conlon, J.) . The plaintiff's effective "fraud" on the court justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

**(CONTINUED)**

**STATEMENT (continued)**

    Because the plaintiff's previous dismissals do not affect his eligibility to proceed *in forma pauperis* in this case, *see* 28 U.S.C. § 1915(g), the court will give the plaintiff the benefit of the doubt and assume that his omissions were due to accidental oversight. But the plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* Fed. R. Civ. P. 11. Before submitting any motions or pleadings to the court, the plaintiff should accordingly review the documents carefully to make sure they are complete and accurate. Misrepresentations to the court could lead to sanctions, including dismissal.